Filed 3/14/24  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ARTIES JOHNSON III,<br><br>        Defendant and Appellant. | C098578<br><br>(Super. Ct. No. CRF120002056) |

Defendant Arties Johnson III appeals from a postconviction order striking from his sentence the one-year enhancements imposed for the prior prison terms he served, pursuant to Penal Code[1] section 1172.75 (formerly § 1171.1).  Appointed counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 asking this court to conduct an independent review of the record to determine whether there are any arguable issues on

---

[1]  Undesignated statutory references are to the Penal Code.

1

appeal. Although not required to independently review the record in these circumstances (see, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 226), we have done so because defendant was not notified that his failure to file a supplemental brief may result in dismissal of the appeal. (*Id.* at p. 233.) However, our discretionary review of the record reveals no arguable errors favorable to defendant. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, defendant struck the victim in the face multiple times with a closed fist, fracturing her eye socket. In 2013, a jury found defendant guilty of domestic violence with a prior domestic violence conviction (§ 273.5, subd. (a)) and found true that he personally inflicted great bodily injury in a domestic violence incident (§ 12022.7, subd. (e)). Defendant admitted a prior domestic violence conviction (§ 273.5, subd. (f)(1) [formerly subd. (e)(1)]), a prior strike conviction (§ 667, subd. (e)(1)), and a prior serious felony conviction (§ 667, subd. (a)), and further admitted that he had served five prior prison terms (former § 667.5, subd. (b)). The trial court sentenced defendant to an aggregate term of 23 years. In an unpublished decision, this court affirmed the judgment. (*People v. Johnson* (Sept. 28, 2015, C075995).)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) made the change fully retroactive (Stats. 2021, ch. 728, § 1) and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) This provision states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) "The statute further establishes a mechanism to provide

affected defendants a remedy for those legally invalid enhancements . . . [,] direct[ing] the Secretary of the California Department of Corrections and Rehabilitation . . . to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)" (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 380.) The statute then directs the trial court to review the judgment, verify that it includes such an enhancement, "and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Burgess*, at p. 380.)

In December 2022, the trial court found that defendant's judgment included one-year prior prison term enhancements, appointed counsel for defendant, and placed the matter on calendar for resentencing. Defendant's counsel submitted a sentencing brief asking the trial court, in addition to striking all the one-year prison priors, to impose the middle term for defendant's conviction for domestic violence with a prior conviction (§ 273.5, subd. (a)), keep the middle term sentence for the great bodily injury enhancement unchanged (§ 12022.7, subd. (e)), and strike the five-year prior serious felony conviction enhancement (§ 667, subd. (a)). The People's brief argued there were no changes in circumstances that would warrant any reduction in defendant's sentence beyond striking the prison priors.

At the sentencing hearing, the trial court recalled defendant's sentence and reimposed the initial sentence without the invalid one-year prison prior enhancements for an aggregate sentence of 19 years. The trial court acknowledged that it had discretion to strike the great bodily injury and prior serious felony enhancements, as well as the prison prior enhancements. The court found that it was contrary to the interests of justice to reduce defendant's sentence beyond striking the prison priors given defendant's long history of domestic violence with different individuals, concluding this "is important for

3

the protection of society that he be removed from society because he keeps committing the same offenses over and over again." (Capitalization omitted.)

## DISCUSSION

We have exercised our discretion to independently review the record. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 226.) After that review, we now conclude defendant received the relief to which he was entitled under section 1172.75. We have found no arguable errors favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/_____
Wiseman, J.*

We concur:

/s/_____
Earl, P. J.

/s/_____
Krause, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.